UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. |
| MASK OF KA-NEFER-NEFER, | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |

**VERIFIED COMPLAINT FOR FORFEITURE**

COMES NOW Plaintiff the United States of America, by and through its attorneys, Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Dianna R. Collins and Richard E. Finneran, Assistant United States Attorneys for said district, and for its Verified Complaint for Forfeiture states as follows:

**NATURE OF THE ACTION**

1. This is a civil action brought by the United States, pursuant to 19 U.S.C. § 1595a, seeking forfeiture of all right, title, and interest in an artifact known as the Mask of Ka-Nefer-Nefer (the "Mask"), currently located in Gallery 130 of the St. Louis Art Museum (the "Museum"), One Fine Arts Drive, St. Louis, Missouri 63110.

2. In addition to seeking to forfeit the Mask, the United States pleads herein and separately applies for a pre-trial restraining order commanding the Museum to preserve the availability of the Mask for forfeiture during the pendency of this lawsuit.

3. The Mask is described as an artifact of Egyptian origin, measuring approximately 21 and 1/16 inches by 14 and 9/16 inches by 9 and 3/4 inches, and depicting the face, torso, and arms

1

of an Egyptian woman. The Mask is made of plaster, linen, wood, and resin, and painted, gilded, and inlaid with colored glass. Two photographs of the Mask, taken from the Museum's website, are attached hereto as **Exhibits 1** and **2** and incorporated herein by reference.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States.

5. This Court has jurisdiction over the parties pursuant to 28 U.S.C. §§ 1345 and 1355 because this is proceeding for forfeiture, and because it has been brought by the United States.

6. Venue is placed in the Eastern District of Missouri pursuant to 28 U.S.C. §§ 1355 and 1395 because the defendant Mask is located in the Eastern District of Missouri.

## BASIS FOR FORFEITURE

7. The Mask is subject to forfeiture because the circumstances indicate it was stolen property at the time it was imported into the United States, as set forth in detail below.

8. In 1952, Egyptian archaeologist Mohamed Zakaria Goneim, working for the Egyptian Antiquities Service, excavated the mat burial of a 19th Dynasty noblewoman named Ka-Nafer-Nafer inside the funerary enclosure of the 3rd Dynasty king Sekhemket at Saqqara.

9. The Mask was placed in storage in the Sekhemkhet magazine, also located at Saqqara, where it was registered as the property of the Egyptian Antiquities Service and where it remained until 1959.

10. In July of 1959, the Mask and four other items from Saqqara were packed for shipping to the Egyptian Museum in Cairo in preparation for an exhibit in Tokyo.

11. The packing list identified the Mask as registration number 6119 and packed in box

number six.

12. The Mask was received by police guards at the Egyptian Museum in Cairo on July 28, 1959.

13. Ultimately, the Mask did not travel to Tokyo for the exhibit. The Mask remained in Cairo, Egypt until 1962 at which time the Mask was transferred back to Saqqara.

14. In 1966, the Mask and other objects from the same burial assemblage were removed from packaging in Saqqara and given to the Egyptian Antiquities Organization Restoration Lab located in Cairo in preparation for future display.

15. The Mask traveled to Cairo from Saqqara in box number fifty-four. This was the last documented location of the Mask in Egypt.

16. In 1973, the Egyptian Museum in Cairo took an inventory of all the objects that traveled in 1966 from Saqqara to Cairo in box number fifty-four.

17. It was discovered at that time that the Mask was missing.

18. The register did not document that the Mask was sold or given to a private party during the time frame of 1966 to 1973.

19. In or around 2006, the Egyptian Supreme Council of Antiquities became aware that the Mask was accessioned by the Saint Louis Art Museum located in Saint Louis, Missouri for approximately $500,000.00 in 1998.

20. Subsequently, the Secretary General for the Egyptian Supreme Council of Antiquities sent letters and documentation to the Saint Louis Art Museum detailing the history of the Mask and requesting its return to Egypt.

21. To date, the Saint Louis Art Museum has refused to return the Mask.

22. Because the Mask was stolen, it could not have been lawfully exported from Egypt or lawfully imported into the United States.

23. The Mask currently in the possession of the St. Louis Art Museum is the same Mask described in paragraphs 8 through 15.

## CLAIM

### *Count I – Forfeiture Under 19 U.S.C. § 1595a*

24. Each of the foregoing allegations is hereby incorporated by reference as if fully set forth herein.

25. Section 1595a(c) of Title 19 provides that "[m]erchandise which is introduced or attempted to be introduced into the United States contrary to law . . . shall be seized and forfeited if it . . . is stolen, smuggled, or clandestinely imported or introduced."

26. The defendant Mask is subject to forfeiture pursuant to 19 U.S.C. § 1595a because it was stolen, smuggled, or clandestinely imported and introduced into the United States contrary to law.

WHEREFORE the United States prays that a restraining order be issued immediately to maintain and preserve the availability of the Mask for forfeiture, that this Court decree that any other right, title, and interest in the defendant property be condemned and forfeited to the United States of America, and for such other and further relief as the Court deems just and proper.

Dated: March 16, 2011            Respectfully submitted,

                                 RICHARD G. CALLAHAN
                                 United States Attorney

                                 */s/ Richard E. Finneran*
                                 DIANNA R. COLLINS, #59641MO
                                 RICHARD E. FINNERAN, #60768
                                 Assistant United States Attorneys
                                 111 South 10th Street, Suite 20.333
                                 Saint Louis, Missouri 63102
                                 Telephone:  (314) 539-2200
                                 Facsimile:   (314) 539-2287
                                 *dianna.collins@usdoj.gov*
                                 *richard.finneran@usdoj.gov*

## **Exhibit 1**



**Exhibit 2**



## VERIFICATION

I, Special Agent Aaron Burdine, hereby verify and declare under penalty of perjury that I am a Special Agent with United States Immigration and Customs Enforcement, that I have read the foregoing Verified Complaint and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent with United States Immigration and Customs Enforcement.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: __March 16, 2011__
                (date)

_____
Aaron Burdine
Special Agent
United States Immigration and Customs Enforcement