UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:11-CV-504-HEA |
| ) | |
| MASK OF KA-NEFER-NEFER, ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon review of the United States of America's ("the Government") Motion to Strike Claim by Saint Louis Art Museum for Lack of Standing [ECF No. 20].

## Background

On March 16, 2011, the Government filed a verified complaint for forfeiture against the defendant property, a 3,200 year-old Egyptian cartonnage mummy/funerary mask known as the Mask of Ka-Nefer-Nefer ("the Mask"). On April 20, 2011, the Art Museum Subdistrict of the Metropolitan Zoological Park and Museum District of the City of St. Louis and the County of St. Louis ("the Museum") filed a verified claim asserting ownership of the Mask. The Museum states, *inter alia*, that it purchased the Mask in 1998 for $499,000, after

completing a months-long due diligence investigation of the Mask's provenance. Since that time, the Mask has regularly been on display in Gallery 130 at the St. Louis Art Museum.

In the instant motion to strike, the Government argues that Egyptian law precludes the Museum from asserting a colorable claim that it possesses a legally cognizable ownership interest in the Mask, and therefore, the Museum lacks standing to contest the Mask's forfeiture. In response, the Museum asserts that its allegations of actual ownership, actual possession, financial interest, and injury if the Mask is forfeited are sufficient to survive a motion to strike for lack of standing.

## Discussion

Whether a claimant can demonstrate a colorable interest in a proceeding sufficient to satisfy Article III standing is a "threshold question in every federal case." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). As the United States Court of Appeals for the Eighth Circuit explains:

> To manifest standing in the forfeiture context, a claimant must first show an ownership interest in the property. An ownership interest is 'evidenced in a number of ways including showings of actual possession, control, title and financial stake.'

*United States v. 1998 BMW "I" Convertible,* 235 F.3d 397, 399 (8th Cir. 2000)(quoting *United States v. One 1945 Douglas C-54 (DC-4) Aircraft*, 647 F.2d 864, 866 (8th Cir. 1981)); *see also United States v. An Antique Platter of Gold*, 991 F. Supp. 222, 228 (S.D.N.Y. 1997)(to establish standing in civil forfeiture proceeding, claimant must demonstrate some ownership or possessory interest in the property; claimant may prove this interest by actual possession, dominion, control, title, or financial stake).

It is undisputed that the Museum has been in continuous possession of the Mask since 1998, when, after completing a due diligence investigation, it purchased the Mask for $499,000. Since that time, the Mask has been regularly displayed at the St. Louis Art Museum. Given these facts, the Court concludes that the Museum has standing to contest the Government's forfeiture action. The Court is unpersuaded by the Government's argument that the Museum lacks Article III standing because its ownership claim is legally impossible under Egyptian Law. No further briefing of this issue is necessary, and therefore, the Court will deny the Government's motion for leave to file a sur-sur-reply, as set forth below.

Accordingly,

**IT IS HEREBY ORDERED** that the Government's Motion to Strike Claim by Saint Louis Art Museum for Lack of Standing [ECF No. 20] is **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Consent Motion for Leave and for Extension of Time to File Sur-Sur-Reply [ECF No. 31] is **DENIED** as moot.

Dated this 31st day of March, 2012.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE