UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11CV504 HEA |
| ) | |
| MASK OF KA-NEFER-NEFER, ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

The United States of America ("the Government") brings this action pursuant to 19 U.S.C. § 1595a, seeking forfeiture of all right, title, and interest in an Egyptian artifact known as the Mask of Ka-Nefer-Nefer ("the Mask"), currently located in Gallery 130 of the St. Louis Art Museum ("the Museum"), the only claimant in this action.  The Museum has filed a motion to dismiss the Government's civil forfeiture complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("the Supplemental Rules").  For the reasons set forth below, claimant's motion will be granted.

**Background**

In its verified complaint, the Government boldly states that it seeks the forfeiture of all rights, title and interest in a 3,200 year old Egyptian Mask because

"the circumstances" indicate it was stolen property at the time it was imported into the United States.  To support its legal conclusion that the Mask was stolen, the Government alleges that the Mask was excavated at Saqqara, Eqypt, in 1952, placed in storage in Saqqara following its excavation where it remained until 1959, and then was "packed for shipping" to Cairo, Egypt, in preparation for an exhibit in Tokyo, Japan.  The complaint further states that the Mask was "received by police guards" in Cairo in July of 1959, but instead of traveling to Tokyo, it remained in Cairo until 1962 when it was transferred back to Saqqara.

The verified complaint further states that the Mask was removed from Saqqara in 1966 and "traveled" to Cairo in "box number fifty-four," the "last documented location of the Mask in Egypt."  The complaint then goes on to state that in 1973, an inventory was taken of box number fifty-four, whereupon it was discovered the Mask was "missing."  The complaint states, "The register did not document that the Mask was sold or given to a private party during the time frame of 1966 to 1973."

Claimant, the Museum, asserts that the Government's verified complaint is subject to dismissal because it fails to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) and Federal Rule of Civil Procedure Supplemental Rule G(8)(b).  Claimant additionally argues that the complaint is time-barred by the applicable statute of limitations and the equitable doctrine of laches.  The Government opposes claimant's arguments for dismissal.

**Legal Standard**

Pleading requirements in a civil forfeiture action are governed by the Supplemental Rules. Supplemental Rule E(2)(a) requires that the Government set forth its claims in the complaint "with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." Supplemental Rule G(2)(f) requires that the Government "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Accordingly, the Government's verified complaint must "assert specific facts supporting an inference that the property is subject to forfeiture." United States v. All Funds on Deposit in Dime Savings Bank of Williamsburg Account No. 58-400738-1 in the Name of Ishar Abdi and Barbar Abdi ("Dime Savings"), 255 F.Supp.2d 56, 66-67 (E.D.N.Y.2003) (quotation marks omitted). Accord United States v. Approximately $25,829,681.80 in Funds, plus Interest, in Court Registry Investment Sys., No. 98 Civ. 2682, 1999 WL 1080370, at *7 (S.D.N.Y. Nov. 30, 1999) (citing United States v. All Right, Title & Interest in Real Property & Appurtenances Known as 288-290 N. St., Middletown, New York, 743 F.Supp. 1068, 1074 (S.D.N.Y.1990); United States v. All Right, Title & Interest in Real Property & a Bldg. Known as 16 Clinton St., New York, New York, 730 F.Supp. 1265, 1267 (S.D.N.Y.1990)). However, the Government is not required to allege in

the complaint all of the facts and evidence at its disposal. It is sufficient for the Government to simply plead enough facts for the claimant to understand the theory of forfeiture, to file a responsive pleading, and to undertake an adequate investigation. See Dime Savings, 255 F.Supp.2d at 69. Accord United States v. $109,086.00, No. Civ.A.H-04-3727, 2005 WL 1923613, at *5 (S. D. Tex. Aug. 10, 2005 (holding that the Government need not set out the evidence of its allegations in its complaint or plead every fact at its disposal).

The Federal Rules of Civil Procedure apply to forfeiture actions so long as they are not "inconsistent with" the Supplemental Rules. Fed.R.Civ.P.Supp.R.A(2). Accord United States v. $8,221,877.16 in U.S. Currency, 330 F.3d 141, 149 (3d Cir. 2003). See also, Fed.R.Civ.P.Supp.R.G. Advisory Comm. Note ("The Civil Rules continue to provide the procedural framework within which Rule G and the other Supplemental Rules operate."). The pleading requirements provided by the Supplemental Rules have traditionally been considered "more stringent than the general pleading requirements . . . [,] an implicit accommodation to the drastic nature of the civil forfeiture remedy." United States v. $15,270,885.69, No. 99 Civ. 10255, 2000 WL 1234593, *at *2-3 (S.D.N.Y. Aug. 31, 2000) (quoting United States v. Daccarett, 6 F.3d 37, 47 (2d Cir. 1993)). However, the Supreme Court's recent landmark decisions in Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), have arguably shifted general pleading

standards to a more heightened form of pleading, requiring that allegations in a complaint meet a standard of "plausibility" to survive a motion to dismiss.  It is not entirely clear whether the "plausibility" standards enunciated in <u>Iqbal</u> apply to civil forfeiture cases, given that <u>Iqbal</u> was based on an interpretation of Federal Rule of Civil Procedure 8(a), and the Supplemental Rules expressly state that Supplemental Rule G(2) governs the sufficiency of civil forfeiture complaints.  Given the fairly stringent pleading standards enunciated in the Supplemental Rules for civil forfeiture actions, the Court will not concern itself with application of the plausibility standards to civil forfeiture actions at this time.

## Discussion

The Government bases its claim for forfeiture on Section 1595a of Title 19. Section 1595a(c) provides in relevant part:

> Merchandise which is introduced or attempted to be introduced into the United States as contrary to law shall be treated as follows: (1) the merchandise shall be seized and forfeited if it – (A) is stolen, smuggled, or clandestinely imported or introduced.

In order to exercise the seizure and forfeiture of the Mask, the statute requires pleading the following: (1) facts relevant to whether the Mask was "stolen, smuggled or clandestinely imported or introduced" and (2) facts related to some predicate unlawful offense, presumably a law with some "nexus" to international commerce from which the Title 19 customs regulation arises. <u>See</u>, <u>e.g.</u>, <u>U.S. v. Davis</u>, 648 F.3d

84 (2d Cir. 2011) ("contrary to law" means "the government may seize and forfeit merchandise introduced in the [USA] illegally, unlawfully, or in a manner conflicting with established law. . ."). The Government's verified complaint lacks both of these pleading prerequisites. Indeed, the verified complaint fails to state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. See Fed.R.Civ.P.Supp.G(2)(f).

The verified complaint does not provide a factual statement of theft, smuggling, or clandestine importation. Rather, the complaint merely states that the Mask was found to be "missing" from Egypt in 1973. Although the Government alleges, in a conclusory fashion, that "the register did not document that the Mask was sold or given to a private party during the time frame of 1966 to 1973," the complaint is completely devoid of any facts showing that the Mask was "missing" **because it was stolen and then smuggled out of the country**. The closest the Government comes to any type of allegation of theft or smuggling is in paragraphs 19 and 20 of the complaint, which note that in 2006 "the Egyptian Supreme Council of Antiquities became aware that the Mask was accessioned by the Saint Louis Art Museum . . . and [t]o date, the Saint Louis Art Museum has refused to return the Mask." The Government's legal conclusion, in paragraph 22 of the verified complaint, that "[b]ecause the Mask was stolen, it could not have been lawfully

-6-

exported from Egypt or lawfully imported into the United States," misses a number of factual and logical steps, namely: (1) an assertion that the Mask was actually stolen; (2) factual circumstances relating to when the Government believes the Mask was stolen and why; (3) facts relating to the location from which the Mask was stolen; (4) facts regarding who the Government believes stole the Mask; and (5) a statement or identification of the law which the Government believes applies under which the Mask would be considered stolen and/or illegally exported.

The Government cannot simply rest on its laurels and believe that it can initiate a civil forfeiture proceeding on the basis of one bold assertion that because something went missing from one party in 1973 and turned up with another party in 1998, it was therefore stolen and/or imported or exported illegally. The Government is required under the pleading standards set forth in the Federal Rules of Civil Procedure to provide specific facts, or plead "with such particularity," that the claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading. Fed.R.Civ.P.Supp.E(2)(a). As it now stands, claimant cannot even be sure of the who, what, when or where of the alleged events surrounding the alleged "stealing," nor can the Museum ascertain if the Government is pursuing seizure of the Mask based on an alleged theft or a unlawful import/export, or both. (The Court presumes that the Government is not accusing any unnamed parties of clandestinely smuggling

the Mask out of Egypt and into the United States; however, given the lack of specificity in the verified complaint, perhaps the Court should not make any assumptions on the Government's behalf.)

Additionally, as noted previously, the Government has been completely remiss in addressing the law under which the Mask would be considered stolen. The phrase "contrary to law" under § 1595a refers to how merchandise, such as the Mask, is introduced in the United States illegally, unlawfully, or in a manner conflicting with <u>established law</u>. The Government has completely failed to identify, in its verified complaint, the established law that was violated when the Mask was purportedly brought illegally into the United States or purportedly stolen from Egypt or some other undisclosed party, and it has failed to provide any facts relating to the time period surrounding these supposed events. Thus, the Government's verified complaint fails to assert specific facts supporting an inference that the Mask is subject to forfeiture.

Given that the Court has already determined that the verified complaint is subject to dismissal under the relevant pleading standards, the Court need not address the Museum's arguments concerning its affirmative defenses to the Government's seizure attempts. The Court notes, however, that because these arguments refer to factually intensive matters that cannot be decided without looking outside the

pleadings, they are better suited for consideration under Federal Rule of Civil Procedure 56.

Accordingly,

**IT IS HEREBY ORDERED** that claimant's motion to dismiss the verified complaint [Doc. #11] is **GRANTED**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 31st day of March, 2012.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE