# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

THE UNITED STATES OF AMERICA, )
                              )
               Plaintiff,        )
                              )
      v.                      )          No. 4:11CV504 HEA
                              )
MASK OF KA-NEFER-NEFER,       )
                              )
               Defendant.       )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Motion for Reconsideration of the Court's
March 31, 2012 Memorandum and Order [ECF. No. 34] filed by Plaintiff The
United States of America's ("the Government").  Claimant, St. Louis Art Museum
("Museum"), filed opposition to the motion [ECF No. 40], to which the Government
filed a reply [ECF No. 42]. For the reasons set forth below, the Government's
Motion to Reconsider is denied. Additionally, the Government has filed a Motion to
Clarify Orders and to Extend Time for Filing Notice of Appeal [ECF No. 44] which
Motion will be denied in part, and granted in part.

The Federal Rules of Civil Procedure "do not mention motions for
reconsideration." *Broadway v. Norris,* 193 F.3d 987, 989 (8th Cir.1999).  "Rule
59(e) permits a court to alter or amend a judgment, but it 'may not be used to
relitigate old matters, or to raise arguments or present evidence that could have been

raised prior to the entry of judgment.'  11 C. Wright & A. Miller, Federal Practice

and Procedure § 2810.1, pp. 127-128 (2d ed.1995) (footnotes omitted)."  *Exxon*

*Shipping Co. v. Baker*, __ U.S. __, 128 S.Ct. 2605, 2617, n. 5 (2008).  Rule 59(e)

was adopted to clarify that "the district court possesses the power to rectify its own

mistakes in the period immediately following the entry of judgment." *White v. New*

*Hampshire Dep't of Employment Sec*., 455 U.S. 445, 450, 102 S.Ct. 1162, 71

L.Ed.2d 325 (1982) (internal quotations omitted). Moreover, "Rule 59(e) motions

serve the limited function of correcting manifest errors of law or fact or to present

newly discovered evidence."  *Innovative Home Health Care, Inc. v. P.T .-O.T.*

*Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir.1998),(internal punctuation

and citations omitted).  "Such motions cannot be used to introduce new evidence,

tender new legal theories, or raise arguments which could have been offered or

raised prior to entry of judgment."  *United States v. Metropolitan St. Louis Sewer*

*Dist.*, 440 F.3d 930, 933 (8th Cir.2006) (quoting *Innovative Home Health Care*, 141

F.3d at 1286)).

 In its Motion, the Government argues that the Court wrongly held it to an

inappropriately high burden with regard to 19 U.S.C. § 1595a and whether the

artifact was "stolen." The analysis this Court employed in its March 31, 2012 ruling

is the same analysis other courts have applied to facts similar to those presented

here. The Government has presented nothing new, nor has it pointed the Court to

any severe mistake so as to establish manifest error.  This Court's rational was

plainly articulated in finding that the Government was not entitled to relief. Upon

contemplation and review of the matters asserted in the motion, the Court will deny

Defendants' Motion to Reconsider.

Accordingly,

**IT IS HEREBY ORDERED** that the Government's Motion for

Reconsideration of the Court's March 31, 2012 Memorandum and Order [ECF. No.

34] is **DENIED.**

**IT IS FURTHER ORDERED** that Claimant St. Louis Art Museum's

Motion for Leave to File Sur-Reply in Opposition to the Government's Motion to

Reconsider Order and Opinion Dismissing Verified Complaint [ECF No. 40] is

**DENIED** as moot.

**IT IS FURTHER ORDERED** that the Government's Motion to Clarify

Orders [ECF No. 44] is **DENIED.**

**IT IS FURTHER ORDERED** that The Government's Motion to Extend

Time for Filing Notice of Appeal [ECF No. 44] is **GRANTED.**

Dated this 30th day of May, 2012.

_____

HENRY EDWARD AUTREY

3

UNITED STATES DISTRICT JUDGE