UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:11-cv-00504 HEA |
| | ) |
| MASK OF KA-NEFER-NEFER, | ) |
| | ) |
| Defendant. | ) |

**THE UNITED STATES' MEMORANDUM IN
SUPPORT OF ITS MOTION TO VACATE JULY 2, 2014 ORDER
AND OPPOSITION TO THE MUSEUM'S MOTION FOR EXTENSION OF TIME**

The United States respectfully requests that the Museum's Motion for Extension of Time to File Motion for Attorneys' Fees, Costs, and Post-Judgment Interest (Doc. #67) (the "Motion") be denied because the Museum did not file such a motion within the time required by Federal Rule of Civil Procedure 54(d) and Local Rules 54-8.02 and 54-8.03, and the Museum has not shown the "excusable neglect" that would entitle it to such an extension under Federal Rule of Civil Procedure 6(b)(1)(B). Under those rules, a motion for attorneys' fees and costs must be filed within 21 days after entry of judgment. Even if, contrary to the Museum's prior contentions, this Court's dismissal order entered April 2, 2012 order was not final, judgment had indisputably been entered by June 28, 2012, when the Court denied the United States leave to amend. After that date, the Museum had 21 days to file a motion for fees and costs. Having failed to request additional time within that period, the Museum cannot now receive an extension of time under Federal Rule of Civil Procedure 6(b) unless it shows "excusable neglect." Because the Museum fails to allege any such grounds, the United States respectfully submits that the Motion should be denied.

1

## BACKGROUND

The United States filed the instant action seeking forfeiture of the Mask of Ka-Nefer-Nefer on March 11, 2011 (Doc. #1). On May 4, 2011, the Museum moved to dismiss the complaint because, *inter alia*, it contended that the complaint failed to state a claim upon which relief could be granted (Doc. #11). On April 2, 2012, this Court entered an order granting the Museum's motion to dismiss (Doc. #34). On that same date, it entered an Order of Dismissal as a separate document on the civil docket (Doc. #33) (the "Dismissal Order").

On April 6, 2012, the United States filed a motion seeking to enlarge the time in which it would be permitted to file a motion to reconsider or a motion for leave to amend its complaint (Doc. #35). In its motion, the United States requested that, to the extent that the Court considered its Dismissal Order to be a final judgment, that it treat the motion for enlargement of time as a motion to alter or amend the judgment under Rule 59(e) "so as to permit the Court to grant the relief requested herein" (Doc. #35 at 1 n.1). The Court granted the United States' motion on April 10, 2012 (Doc. #36). The Museum did not oppose the motion.

On May 14, 2012, seven days after the United States filed its motion to reconsider (Doc. #37) and forty-two days after entry of the Dismissal Order, the Museum filed an opposition to that motion in which it claimed for the first time that the Dismissal Order was a final judgment on the merits and that the United States' motion to reconsider was, therefore, untimely (Doc. #40 at 3–9). Although the United States in reply expressed its belief that the Dismissal Order had been an interlocutory order and thus not a final judgment (Doc. #42), the Court ultimately denied the United States' motion to reconsider (Doc. #48), applying the Rule 59(e) standard applicable to final judgments.

When the United States then sought leave to amend on June 8, 2012 under Federal Rules of

Civil Procedure 59(e) and 60(b) (Doc. #49), the Museum again invoked the finality of the Dismissal Order and moved, on that basis, to strike the motion for leave to amend (Doc. #51). On June 28, 2012, the Court denied the United States leave to amend (Doc. #54), and the next day the United States filed its notice of appeal (Doc. #55). Although the finality of the judgment was, by that time, evident to both parties, the Museum did not file a motion for costs or attorneys' fees within 21 days after the denial of leave to amend, as required by Local Rules 54-8.02 and 54-8.03.

On June 12, 2014, the United States Court of Appeals for the Eighth Circuit issued an order affirming this Court's denial of leave to amend. As the Museum concedes, its decision was "due, in part, to the Eighth Circuit's determination that this Court's Order and Dismissal were a final judgment." Mot. at ¶ 3; *see, e.g.*, Slip. Op. (Doc. #66) at 5 n.4 (holding that government was in error to believe that the Dismissal order was not a final judgment); *id.* at 9 (applying Rule 60(b) standard requiring "exceptional circumstances" in assessing denial of leave to amend); *id*. at 12 (Murphy, J., concurring) (emphasizing that the government's motion was untimely under Rule 59(e) and that government had failed to demonstrate "exceptional circumstances" justifying relief under Rule 60(b)).

On June 30, 2014, the Museum filed its Motion seeking additional time to file a motion for costs and attorneys' fees (Doc. #67). The Motion was filed 819 days after this Court entered its Dismissal Order, and 732 days after the Court denied the United States leave to amend.[1]

---

[1] As the Museum notes, the United States has is still within its time to file a motion for rehearing or rehearing *en banc* of the Eighth Circuit's decision in this case. The determination of whether to seek such rehearing is currently under review by the U.S. Department of Justice. While the United States therefore cannot concede, for purposes of the appeal, that the Dismissal Order was final as of April 2, 2012, there is no dispute that a final judgment existed in the case no later than June 28, 2012, when this Court denied the United States leave to amend.

## DISCUSSION

### I. Absent an Extension, the Museum Was Required to File Any Motion for Costs and Attorneys' Fees No Later Than 21 Days After Entry of Final Judgment

Federal Rule of Civil Procedure 54(d)(2)(B) provides that, "unless a statute or court order provides otherwise," a motion for attorneys' fees must be filed "no later than 14 days after entry of judgment." Our Local Rule 54-8.02 modifies that time period by requiring that "[a] party seeking an award of attorneys' fees shall file a motion for attorneys' fees no later than twenty-one (21) days after entry of final judgment pursuant to Fed. R. Civ. P. 58." The rule expressly provides that "[f]ailure to file a motion for attorneys' fees within the time provided may constitute a waiver of attorneys' fees." Local Rule 54-8.03 creates a similar timing requirement with respect to costs:

> A party seeking an award of costs shall file a verified bill of costs, in the form prescribed by the Clerk, no later than twenty-one (21) days after entry of final judgment pursuant to Fed. R. Civ. P. 58. Failure to file a bill of costs within the time provided may constitute a waiver of taxable costs.

Both Local Rules expressly incorporate the definition of "entry of final judgment" included in Federal Rule of Civil Procedure 58(c):

> For purposes of these rules, judgment is entered at the following times: . . .
>
> (2) if a separate document is required, when the judgment is entered in the civil docket under Rule 79(a) and the earlier of these events occurs:
>
> (A) it is set out in a separate document; or
>
> (B) 150 days have run from the entry in the civil docket.

In this case, the Court entered its Dismissal Order as a separate document on April 2, 2012 (Doc. #33). Although the United States admittedly failed to understand the finality of the Dismissal Order at the time it was entered, the Court's subsequent rulings suggest that it ultimately did consider the Dismissal Order to be a final judgment. *See, e.g.*, Op., Mem., and Order (Doc.

#48) (denying reconsideration by applying Rule 59(e) standard applicable to final judgments). Moreover, the Museum has repeatedly asserted the finality of Dismissal Order in opposing the United States' requests for relief in this case,[2] and the Court of Appeals just recently upheld the denial of leave to amend "due, in part, to [its] determination that this Court's Order and Dismissal were a final judgment." Mot. at ¶ 3. Under these circumstances, the Museum should be hard-pressed to deny that the Dismissal Order was a final judgment under Federal Rule of Civil Procedure 58, and that its 21-day time limit to move for fees and costs therefore commenced as early as April 2, 2012.

But even if the Museum were to belatedly reverse its position on the finality of the Dismissal Order entered on April 2, 2012, there is no question that this Court's judgment was final as of June 28, 2012 when the Court denied the United States leave to amend. Indeed, the finality of this Court's judgment was a prerequisite to the Court of Appeals' jurisdiction over the appeal in this case. Even counting from that latest of conceivable dates, the Museum's motion for attorneys' fees and costs was due on July 19, 2012, twenty-one days after this Court filed its order denying the United States leave to amend.

Such a prompt filing would have given the United States notice of the Museum's claim and would have permitted this Court "to make its fee ruling in time to allow appellate review at the same time as review on the merits." *United Indus., Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 766 (5th Cir. 1996) (citing Fed. R. Civ. P. 54 advisory committee note); *see also* Fed. R. Civ. P. 54

---

[2] *See, e.g.*, Mem. in Opp. to Mot. to Reconsider (Doc. #40) at 16 ("The Clerk of Court's closure of this matter on March 31, 2012, is by itself sufficient indication of the finality of the Court's Order of dismissal of this case."); Mot. to Strike. (Doc. #51) at 1 ("This Court's Order of Dismissal was a final judgment on the merits of the United States' Complaint foreclosing the United States' right to amend."); *id.* at 4 ("The Court's Order of Dismissal was a final and appealable judgment pursuant to Rule 12(b)(6).").

advisory committee note (1993) (explaining that when a party seeks fees during a pending appeal, the court may rule, defer ruling, or deny the motion without prejudice, but "[w]hat is required is the filing of a motion sufficient to alert the adversary and the court that there is a claim for fees").[3] Instead, the Museum delayed in filing its Motion until June 30, 2014, more than two years after this Court denied the United States leave to amend. The Motion is therefore untimely.

II. **Because the Museum Did Not Move for Additional Time Within 21 Days of Judgment, It Must Show Excusable Neglect in Order to Obtain an Extension of Time Under Federal Rule of Civil Procedure 6(b)**

Because the Museum's Motion was not timely filed, it is barred unless the Museum can show that it is entitled to an extension of time under Federal Rule of Civil Procedure 6(b). Under that rule, the Court retains total discretion to grant an extension of time where a party requests an extension of time *before* its original time has expired. Fed. R. Civ. P. 6(b)(1)(A). Its discretion is limited, however, where a motion is not made until *after* the original time has expired. In such

---

[3] Even prior to the enactment of the time limits in Rule 54(c), the Eighth Circuit stated a similar rationale for requiring an attorneys' fee motion to be filed during the pendency of an appeal:

> This court has a real concern over fragmentation of appeals. In the interests of orderly and expeditious consideration of all issues arising from a single lawsuit, disputes on appeal over the merits, as well as disputes regarding the allowance of attorney's fees to a prevailing party, should ordinarily be considered and decided by this court in either a single or consolidated appellate proceeding. This court deems it essential that all district courts follow a consistent practice of promptly hearing and deciding attorney's fees claims in civil rights and other cases so that any appeal by an aggrieved party from the allowance or disallowance of fees can be considered by this court together with any appeal taken from a final judgment on the merits.

*Obin v. Dist. No. 9 of Int'l Ass'n of Machinists & Aerospace Workers*, 651 F.2d 574, 583 (8th Cir. 1981). The Court of Appeals therefore held that "[a] claim for attorney's fees must be filed . . . within a time to be prescribed by local rule," and indeed recommended the very twenty-one day time period enshrined in the local rules of this district. *Id.* at 584.

situations, the Court may only grant an extension of time "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *see Tancredi v. Metropolitan Life Ins. Co.*, 378 F.3d 220, 226 (2d Cir. 2004) (holding that a court is powerless to extend time to file attorneys' fee application under Rule 6(b) in the absence of excusable neglect). The Museum has not attempted to make any such showing here.

Indeed, it would be surprising if the Museum could make such a showing, considering the position it has taken in this litigation regarding the finality of the Dismissal Order. No later than May 4, 2011, when the Museum filed its opposition to the United States' motion to reconsider, the Museum evidently believed the Dismissal Order to have been a final order in the case. If that was the case, the Museum should have filed its motion for attorneys' fees on or before April 22, 2012.[4] Yet even if the Museum had labored under the same misimpression from which the United States suffered, there is no question that the Order was final as of June 28, 2012, when this Court denied the United States leave to amend. The Museum therefore has no excuse for failing to file a motion for fees and costs on or before July 19, 2012.

To show excusable neglect in this case, the Museum would have to point to the very factors that this Court found—and the Eighth Circuit has now affirmed—were insufficient to justify granting the United States leave to amend. *See* Slip. Op. at 5 n.4. Indeed, the excusable neglect standard of which the Museum must avail itself is identical to the standard applicable under Federal Rule of Civil Procedure 60(b)(1), which the Court of Appeals applied in reviewing this Court's denial of leave to amend. *See* Fed. R. Civ. P. 60(b)(1) (identifying "excusable neglect" as

---

[4] Had it done so, that might have alerted the United States to the Museum's position on the Dismissal Order's finality and caused it to file its motion to reconsider within the 28 days allotted under Rule 59(e).

7

one of the reasons justifying granting a party relief from final judgment); *see also* Mem. in Supp. of Mot. for Leave to Amend (Doc. #50) at 7 (arguing that the United States should be granted relief from final judgment due to the "'excusable neglect' arising from the United States' confusion with regard to the finality of the Court's dismissal order"). If, as the Court of Appeals has now held, the United States' one-week delay in seeking reconsideration and its nine-week delay in seeking leave to amend were not excusable, then surely the Museum's two-year delay in seeking attorneys' fees and costs cannot be fairly excused.

## CONCLUSION

Because the Federal Rules of Civil Procedure and this Court's Local Rules require a party to file a motion for fees and costs within 21 days of entry of judgment, and because the Museum has no excuse for failing to file such a motion during the two years after which this Court had indisputably entered its final judgment, the United States respectfully requests that the Museum's Motion be denied.

Dated: July 7, 2014

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney

 */s/ Richard E. Finneran*
RICHARD E. FINNERAN, #60768MO
Assistant United States Attorney
111 South 10th Street, Suite 20.333
Saint Louis, Missouri 63102
Telephone: (314) 539-2200
Facsimile: (314) 539-2777
*richard.finneran@usdoj.gov*

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 7, 2014 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

      s/ *Richard E. Finneran*
RICHARD E. FINNERAN, #60768MO
Assistant United States Attorney